UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| RONALD DAVID FOSNIGHT II and | ) | |
| PARAKLESE TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:19-cv-00134-JMS-DML |
| | ) | |
| ROBERT JONES, Individually; | ) | |
| BRADLEY LEVERITT, Individually; | ) | |
| CORY GOLDSTEIN, Individually; | ) | |
| AGENT [FNU] ANASTASIO, Individually; | ) | |
| UNKNOWN AGENTS OF THE BUREAU OF | ) | |
| ALCOHOL, TOBACCO, FIREARMS, AND | ) | |
| EXPLOSIVES, Individually; and UKNOWN | ) | |
| SUPERVISORS OF THE BURUEAU OF | ) | |
| ALCOHOL, TOBACCO, FIREARMS, AND | ) | |
| EXPLOSIVES, Individually. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Ronald David Fosnight II owns Paraklese Technologies, Inc. ("Paraklese"), which manufactures "solvent traps"[1] and other firearm-related devices. On June 20, 2017, several Bureau of Alcohol, Tobacco, and Firearms ("ATF") Agents and Indiana State Police ("ISP") Officers executed a search of Paraklese's facility and seized Plaintiffs' solvent trap inventory. On June 19, 2019, Mr. Fosnight and Paraklese initiated this lawsuit. On September 23, 2019, the named Defendants filed their Motion to Dismiss, [Filing No. 11], which is now ripe for the Court's decision.

---

[1] Solvent traps are accessories for firearms that prevent the loss of "solvent" from a weapon's barrel during cleaning and reduce the mess associated with cleaning and lubricating a weapon's barrel. Solvent traps can also be converted into mufflers or silencers. [Filing No. 13 at 6.]

# I.
## STANDARD OF REVIEW

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chi.*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

In ruling on a motion to dismiss under Rule 12(b)(6), a court may consider the complaint, as well as "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *see also Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) (noting that in considering a motion to dismiss under Rule 12, a court is not precluded from taking notice of items in the public record).

## II.
### BACKGROUND

The following are the factual allegations in the complaint, which the Court must accept as true at this time.

On June 20, 2017, ATF Agents searched Paraklese's facility and seized $21,000 worth of solvent trap inventory. [Filing No. 1 at 7-8.] Present during the raid were Defendants Agent Robert Jones, Agent Bradley Leveritt, and an unspecified number of additional ATF agents[2] and ISP Officers. [Filing No. 1 at 8.] During the raid, the ATF Agents stated that they possessed a "sealed warrant" for the search, and routinely referred to a "Determination Letter." [Filing No. 1 at 8-11.] The Determination Letter purportedly stated that "index marks" stamped on the solvent traps made them "silencers" (which would make possession of solvent traps unlawful). [Filing No. 1 at 8-11.] Despite Mr. Fosnight frequently requesting a copy of the Determination Letter, the ATF Agents never produced the letter. [Filing No. 1 at 8-11.] During the two-and-one-half-hour raid, Agents Jones and Leveritt repeatedly discouraged Mr. Fosnight from continuing the Paraklese business. [Filing No. 1 at 9.] Agents Jones and Leveritt also threatened that if Mr. Fosnight continued to manufacture and sell solvent traps, the ATF Agents would "be back." [Filing No. 1 at 9.] In the two years following the search, Mr. Fosnight made several more requests for a copy of the Determination Letter, all of which were fruitless. [Filing No. 1 at 9-11.]

On June 19, 2019, Mr. Fosnight and Paraklese filed this lawsuit, specifically naming ATF Agents Jones, Leveritt, Goldstein, and Anastasio as defendants, as well as unknown ATF Agents and ATF Supervisors. Mr. Fosnight and Paraklese set forth claims alleging violations of the Fourth

---

[2] Though Agent Goldstein is named as a Defendant and the Complaint alleges that he is employed by the ATF and assigned to the Louisville Field Division, there are no factual allegations within the Complaint that suggest Agent Goldstein was present or involved in the search or raid.

and Fifth Amendments. [Filing No. 1 at 3.] On September 23, 2019, the named Defendants filed a Motion to Dismiss for Failure to State a Claim. [Filing No. 11.] Plaintiffs filed their Response on October 15, 2019, [Filing No. 13], and Defendants filed their Reply on October 22, 2019, [Filing No. 14].

### III.
#### DISCUSSION

#### A. Parties' Arguments

Defendants make several arguments in support of their Motion to Dismiss. [Filing No. 12.] First, they argue that the Complaint contains conclusory and general allegations that do not meet Rule 8's pleading standard. [Filing No. 12 at 4.] Specifically, Defendants argue that the Complaint contains allegations that "ATF Agents" and "Defendants" engaged in certain behavior and performed certain acts but does not allege *which* ATF Agents or Defendants are responsible for the alleged constitutional violations. [Filing No. 12 at 5.] According to Defendants, these allegations are insufficient because in a *Bivens* action (as Plaintiffs assert this is), "a defendant can be liable only for the actions or omissions in which he personally participated." [Filing No. 12 at 6 (citing *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001)).] Defendants also argue that even accepting as true the allegations that Agents Jones and Leveritt threatened Mr. Fosnight, verbal harassment and verbal threats are not constitutional violations. [Filing No. 12 at 6.]

Second, Defendants argue that the Fifth Amendment due process claim should be dismissed pursuant to *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). [Filing No. 12 at 8.] According to Defendants, Plaintiffs' claims seek an expansion of the *Bivens* remedy, something that is now "disfavored." [Filing No. 12 at 8.] Moreover, in light of *Abbasi*, Defendants maintain that a *Bivens* remedy is inappropriate here. [Filing No. 8 at 1.]

Third, Defendants argue that any Fifth Amendment due process claim fails as a matter of law, even if it survives the *Abbasi* analysis. [Filing No. 12 at 15.] According to Defendants, though it is unclear whether the Fifth Amendment claim is based on substantive due process or procedural due process, the characterization is inconsequential; the claim must fail either way. [Filing No. 12 at 15.] If the claim is a substantive due process claim, Defendants argue that substantive due process should not be used when a specific constitutional provision protects an infringed right (here, the Fourth Amendment). [Filing No. 12 at 15-16.] If it is a procedural due process claim, the Supreme Court and Seventh Circuit have held that an unauthorized intentional deprivation of property does not constitute a violation of the Due Process Clauses of the Fourteenth and Fifth Amendments. [Filing No. 12 at 16 (citing *Hudson v. Palmer*, 468 U.S. 517 (1984); *Del Raine v. Williford*, 32 F.3d 1024 (7th Cir. 1994)).]

Last, Defendants argue that they are entitled to qualified immunity as government officials performing discretionary functions. [Filing No. 12 at 17.] According to Defendants, because the search and seizure were pursuant to a valid search warrant, they were presumptively reasonable. [Filing No. 12 at 18.] And because the Complaint does not contain allegations that could support a finding that the warrant was invalid or that Defendants exceeded the scope of the warrant, the Court is not presented with facts that could rebut the presumption of validity. Thus, according to Defendants, the Complaint lacks allegations that could support a finding that Defendants violated Mr. Fosnight's constitutional rights. [Filing No. 12 at 19.]

Plaintiffs respond that Agents Jones and Leveritt were present during the search, but that Plaintiffs do not know the identities of the other ATF Agents that were also present. [Filing No. 13 at 7.] According to Plaintiffs, "[w]hen federal agents engage in knowing violations of the rights of individuals under the law, it should be understood, and a matter of common sense, that these

5

same federal agents will not volunteer their identities." [Filing No. 13 at 7.] Plaintiffs further argue that during the search, Agents Jones and Leveritt threatened Mr. Fosnight to stop selling solvent traps. [Filing No. 13 at 10.] Additionally, Plaintiffs argue that "ATF Agents" repeatedly told Mr. Fosnight that the purported Determination Letter existed but refused to provide it to him, because, according to Mr. Fosnight, no such letter existed. [Filing No. 13 at 9.] Plaintiffs contend that ATF agents also "consistently and persistently" interrogated Mr. Fosnight without *Mirandizing* him, and generally "acted deceptively and unlawfully" in conducting the search and seizure. [Filing No. 13 at 7-12.]

Plaintiffs also respond that this action is authorized by *Bivens*. [Filing No. 13 at 2.] Plaintiffs argue that *Bivens* "created a private damages action against federal officials for constitutional torts (civil rights violations), which are not covered by the [Federal Tort Claims Act]." [Filing No. 13 at 2.] In Federal Tort Claims Act cases, the government is substituted for the defendant, and punitive damages are not available. [Filing No. 13 at 2.] Plaintiffs argue that they have sufficiently pleaded that their rights have been violated by federal actors acting in their individual capacities under color of federal law, and therefore the case should be heard. [Filing No. 13 at 2-3.]

Third, Plaintiffs argue that this Court should not, and cannot, properly consider the search warrant obtained by the ATF Agents. [Filing No. 13 at 7-8.] They argue that any arguments based on the search warrant "reference[] matters outside the face of the pleadings and [are] not properly subject to consideration." [Filing No. 13 at 8.] According to Plaintiffs, "[a] Defendant is entitled to dismissal of a claim only if it appears beyond doubt that the Plaintiff would not be entitled to relief under any set of facts that might be proved within the scope of the complaint's allegations." [Filing No. 13 at 8.] According to Plaintiffs, Defendants' reference to the search warrant is a

6

"reference to an ancillary case and controversy," and the Court should not dismiss the Complaint on the basis of an ancillary matter. [Filing No. 13 at 8.]

Finally, Plaintiffs agree that qualified immunity applies to federal officials and agents who perform discretionary functions. [Filing No. 13 at 13.] But, they argue, qualified immunity is inappropriate here because qualified immunity "may be overcome by a showing that [the federal officials] violated a constitutional right." [Filing No. 13 at 13.] Plaintiffs argue that "[t]he Complaint as pleaded properly alleges that the Defendants violated well-established rights secured to [Plaintiffs] by operation of the Fourth and Fifth Amendments to the Constitution of the United States." [Filing No. 13 at 13.]

In their Reply, Defendants maintain that the Complaint lacks factual allegations against any defendant—named or unnamed—that could support a reasonable inference that any defendant violated the Constitution. [Filing No. 14 at 2.]

Defendants further note that Plaintiffs' Response fails to even mention *Abbasi* and does not rebut Defendants' arguments regarding the impropriety of a *Bivens* remedy in this case. [Filing No. 14 at 4.] Similarly, they argue that the Response also fails to address Defendants' arguments that neither procedural nor substantive due process claims can survive. [Filing No. 14 at 6-7.] Therefore, according to Defendants, Plaintiffs have now waived any opportunity to respond to these arguments. [Filing No. 14 at 6-7.]

Finally, Defendants argue that the Court can take judicial notice of and consider when ruling on a 12(b)(6) motion, the existence of the search warrant because it is a matter of public record, even though it was not attached to the Complaint. [Filing No. 14 at 7-9.] Here, Defendants obtained a valid warrant to search Paraklese. [Filing No. 14 at 8-9.] Thus, they argue, because Plaintiffs do not contend that the search warrant was invalid or that the search and seizure

7

themselves were otherwise unconstitutional, there are no allegations in the Complaint that could support Plaintiffs' claims. [Filing No. 14 at 7-9.]

**B. Discussion**

Plaintiffs assert that this is a *Bivens* action. [Filing No. 13 at 2.] A *Bivens* claim exists where a federal agent acting under color of his authority violates a constitutional right. *Bivens,* 403 U.S. at 389. "[A] *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others." *Abbasi*, 137 S. Ct. at 1860. Under *Bivens* (and in turn, *Abbasi*), the Complaint must contain allegations of conduct by each of the defendants that, taken as true, amount to a violation of Plaintiffs' constitutional rights.

1. *Specificity of Conduct by Individual Defendants*

a. Agent Goldstein

The Complaint does not allege any conduct by Agent Cory Goldstein. Indeed, the only mentions of Agent Goldstein in the Complaint are in the caption, paragraph fourteen, and the subheadings for Counts I and II.[3] [Filing No. 1 at 1, 5, 12, 14.] In paragraph fourteen, Plaintiffs allege only that Agent Goldstein is employed by the ATF and is assigned to the ATF division in Louisville, Kentucky. Though Agent Goldstein is mentioned in the subheadings relating to Counts I and II, he is not mentioned in the bodies of those sections. [Filing No. 1 at 12-15.] There are no allegations that Agent Goldstein was present for, participated in, or was even aware of the search upon which Plaintiffs base their claims. In fact, in their Response, Plaintiffs state that "[t]wo (2) of the ATF Agents present during 'the raid' were [Jones] and [Leveritt]. It is true that the identities

---

[3] The striking lack of allegations regarding Agent Goldstein is buttressed further by the fact that in their Complaint, Plaintiffs list several named and unnamed defendants and indicate that they will thereafter call those individuals "DEFENDANTS." [Filing No. 1 at 1-2.] Notably, neither Agent Goldstein nor Agent Anastasio are included in Plaintiffs' group of "DEFENDANTS."

of the other Agents present at the time are not known to the [Plaintiffs] and are referred to as [Unknown Agents] herein." [Filing No. 13 at 7.] Because a *Bivens* action can be brought against the individual only for his own acts and there are no allegations in the Complaint from which the Court could infer that Agent Goldstein violated Plaintiffs' constitutional rights, Defendants Motion to Dismiss as it relates to Agent Goldstein is **GRANTED**.

### b. Agent Anastasio

The allegations against Agent Anastasio are similarly scarce.[4] The Complaint contains the same basic allegations against Agent Anastasio that were made against Agent Goldstein, as well as a footnote stating that Agent Anastasio's name appears on a form dated 2005, and that form indicates that Agent Anastasio participated in the search complained of in this case. [Filing No. 1 at 5.]

Taking as true that Agent Anastasio "participated" in the search (though like Agent Jones, Agent Anastasio is not listed in Plaintiffs' Response as among the agents that were present),[5] the Complaint still lacks allegations from which the Court could infer that Agent Anastasio violated Plaintiffs' constitutional rights. Without any allegations concerning the extent of Agent Anastasio's participation, the nature of Agent Anastasio's participation, the degree of control Agent Anastasio exercised over the search, Agent Anastasio's location during the search, or any other details of his or her "participation," the Court cannot infer that Agent Anastasio violated

---

[4] Unlike Agent Goldstein, Plaintiffs are unaware of Agent Anastasio's first name.

[5] The Court notes that the document (which was not attached to the Complaint) was apparently last revised in March 2005. [Filing No. 1 at 5 ("Agent Anastasio's name appears on a Receipt for Property and Other Items, ATF Form 3400.23, Revised March 2005. This form indicates that Agent Anastasio participated in 'the Raid' complained of in this BIVENS ACTION.").] Nevertheless, even if the Court takes as true that Agent Anastasio participated in the search, the Complaint does not allege that Agent Anastasio did anything other than generally "participate."

Plaintiffs' constitutional rights. Even if Plaintiffs' constitutional rights were infringed, the Complaint does not allege facts that could reasonably show that Agent Anastasio was responsible for those violations as required in a *Bivens* action. *See Abbasi*, 137 S. Ct. at 1860. Therefore, the Motion to Dismiss as it relates to Agent Anastasio is **GRANTED**.

c. <u>Unnamed Defendants</u>

In their Motion to Dismiss, Defendants argue that the use of unnamed or anonymous defendants is "disfavored" by the Seventh Circuit. [Filing No. 12 at 8.] There is significant authority for such an argument,[6] but, in any event, the Complaint does not allege conduct by any particular unnamed defendant other than a general presence and possible participation in the search. The lack of allegations presents two issues.

First, the Complaint does not put anyone on notice. *See Twombly*, 550 U.S. at 555. The Complaint lacks allegations from which the Court or the named parties (or, for that matter, the unnamed defendants) could determine the identity of the unnamed defendants or the conduct upon which the claims are based. There are no allegations regarding what the unnamed defendants looked like, what they said or did, or any other facts that could be used to identify them.[7] Though

---

[6] "Bringing a suit against unnamed, or 'John Doe', defendants in federal court is a practice neither condoned nor condemned by the Federal Rules of Civil Procedure. However, asserting claims against an unnamed defendant is a practice generally disfavored by the Seventh Circuit." *Kennington v. Carter*, 216 F. Supp. 2d 856, 857 (S.D. Ind. 2002) (collecting cases).

[7] Plaintiffs argue that it is "common sense" that the agents will not volunteer their identities, and that Plaintiffs "should not be penalized" for not knowing the agents' identities. [Filing No. 13 at 7.] But the Complaint lacks any identifying allegations concerning the unnamed Defendants. The Complaint does not allege the unknown agents' heights, weights, races, genders, features, or attire, nor does it allege the specific conduct by the unnamed agents, which could help identify them. Though allegations of such identifying characteristics might have still been insufficient, the absence of any identifying features is telling.

Plaintiffs maintain that they are unaware of the unnamed agents' identities, nothing in the Complaint would aid the Court or the named Defendants in determining those identities.

Second, because this is a *Bivens* action, a defendant can be liable only for his or her own acts, not the acts of others. Notably, *Bivens* itself was an action against unnamed federal agents. *See Bivens*, 403 U.S. at 390 n.2. In *Bivens*, the Supreme Court noted that the agents "were not named in petitioner's complaint, and the District Court ordered that the complaint be served upon 'those federal agents who it is indicated by the records of the United States Attorney participated in the November, 25, 1965, arrest of the [petitioner].'" *Id.* (brackets in original). The facts here are different. First, Plaintiffs named as defendants Agents Goldstein and Anastasio. [Filing No. 1.] However, Plaintiffs failed to allege that Agents Goldstein or Anastasio were present for the search at issue, muddying who Plaintiffs intended to name as defendants. Moreover, as indicated by the case name—*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*—and the Supreme Court's footnote, the *Bivens* plaintiff specified the number of agents involved and at least a minimal degree of their involvement.[8]

Moreover, even if the Complaint named the defendants, the Complaint would still lack allegations, taken as true, that could support Plaintiffs' claims. As discussed above, there are no allegations of conduct by any specific individual. For example, the Complaint merely alleges that "ATF Agents consistently and persistently interrogated [Fosnight] about the [Paraklese] 'solvent

---

[8] The Court notes that Plaintiffs state in the Complaint that "[t]he identities of the other Agents present [at the 'raid'] are not known to the [Plaintiffs] and are referred to as UNKNOWN AGENTS herein." [Filing No. 1 at 8.] But prior to that reference, the Complaint already classified the Unknown ATF Agent defendants as "UNKNOWN AGENTS." [Filing No. 1 at 6.] It is unclear whether both groups entitled "UNKNOWN AGENTS" are the same. Though the Court is hesitant to conclude that both unknown groups are the same, the Court must draw all inferences in favor of Plaintiffs and infers that they are.

traps'" without first *Mirandizing* him. [Filing No. 9.] If the unnamed defendants were instead identified and named, allegations of conduct by "ATF Agents" do not identify which agent engaged in the acts. Thus, even assuming that Plaintiffs' use of unnamed defendants is itself appropriate, the Complaint fails to allege conduct by those unnamed agents that could support Plaintiffs' claims. It is the lack of allegations of conduct by the unnamed defendants that precipitates dismissal in this case more so than the unknown identities of those defendants.

### d.  Agents Jones and Leveritt

Unlike the allegations against the other Defendants, the allegations against Agents Jones and Leveritt are specific to them. But for the reasons set forth below, they do not state a claim for a constitutional violation.

### 2. *Sufficiency of Allegations against Agents Jones and Leveritt*

Generally, the Complaint alleges that Agents Jones and Leveritt violated Plaintiffs' rights under the Fourth Amendment and the Due Process Clause of the Fifth Amendment.

### a.  Due Process

Plaintiffs allege violations of their rights under the Fifth Amendment Due Process Clause as a result of "Defendants" seizing and holding the solvent trap inventory for more than twenty-four months. [Filing No. 1 at 14.] Though the Complaint does not explicitly allege which particular Defendants are responsible for the continued retention, the Court infers (and again it strains to do so) that Agents Jones and Leveritt are responsible. Nevertheless, the Complaint fails to state a claim for a violation of Plaintiffs' constitutional rights under the Due Process Clause.

As Defendants argue, the Complaint does not articulate whether the claims are grounded in substantive due process or procedural due process. [Filing No. 12 at 15.] Ultimately, the distinction does not change the outcome.

If the claim alleges a substantive due process violation, "it cannot succeed because . . . substantive due process should not be called upon when a specific constitutional provision protects the right allegedly infringed upon." *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1017 (7th Cir. 2000) (citing *United States v. Lanier*, 520 U.S. 259, 272 (1997). Here, the Fourth Amendment addresses the seizure of Plaintiffs' solvent trap inventory, and thus Plaintiffs' claims should be considered under it, not under the rubric of substantive due process. *Lanier*, 520 U.S. at 272.

In *Brokaw*, the allegedly constitutionally violative conduct was the four-month-long separation of a child from his parents. 235 F.3d at 1008. The Seventh Circuit held that to the extent the claim was based on the child's seizure from the home, substantive due process should not be called upon. *Id.* at 1017. But the court allowed the substantive due process claim to proceed to "evaluat[e] the constitutionality of the nearly four-month government-forced separation" from his parents. *Id.* at 1019. Though Plaintiffs allege that Defendants maintained custody of the solvent trap inventory for more than twenty-four months, [Filing No. 1 at 14], this situation is substantially dissimilar from *Brokaw*. "As a general matter, the [Supreme] Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decisionmaking in this unchartered area are scarce and open ended. The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 271-272 (1994) (internal citations and quotation marks omitted). Plaintiffs' solvent traps do not fit within those categories, and therefore substantive due process is an inappropriate vehicle for evaluating the conduct in this case.

If the claim alleges a violation of procedural due process, to succeed, Plaintiffs must lack a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n

unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."). Here, the FTCA is an adequate remedy, at least to the extent Plaintiffs assert a procedural due process claim. Though Plaintiffs argue that the present case is not one under the FTCA and that the FTCA does not allow punitive damages, [Filing No. 13 at 2], "[t]he adequacy of a postdeprivation remedy does not turn on the plaintiff's satisfaction with the outcome." *Jones v. Burton*, 173 F. App'x 520, 522 (7th Cir. 2006) (citing *Easter House v. Felder*, 910 F.2d 1387, 1406 (7th Cir. 1990)); *Hudson*, 468 U.S. at 535 ("[T]hat [Plaintiffs] might not be able to recover under these remedies the full amount which [they] might receive in a § 1983 is not . . . determinative of the adequacy of the state remedies."). Moreover, 31 U.S.C. § 3724(a) is also "a remedy for the unauthorized acts of a federal employee resulting in the destruction of personal property." *Smith v. Sessions*, 2018 WL 3536421, at *2 (N.D. Ind. July 23, 2018) (citing *Marulanda v. U.S. Marshals Serv.*, 467 F. App'x 590, 591 (9th Cir. 2012)). Therefore, any claims based on the Fifth Amendment's due process clause, whether substantive or procedural, are untenable and Defendants' motion to dismiss on such claims is **GRANTED**.

b. Other Alleged Constitutional Violations

Though the Complaint does not precisely detail what conduct by Agents Jones and Leveritt violated Plaintiffs' Fourth Amendment constitutional rights, it appears that Plaintiffs focus on Agents Jones and Leveritt interrogating Mr. Fosnight without *Mirandizing* him,[9] [Filing No. 1 at

---

[9] The Complaint does not explicitly state that Agents Jones and Leveritt interrogated Mr. Fosnight (rather it was the generic, "ATF Agents"). [Filing No. 1 at 9.] But the Court infers (though it strains to do so) that because Agents Jones and Leveritt are the only named Defendants who communicated with Mr. Fosnight, they were also the ATF agents who interrogated Mr. Fosnight.

9]; "threaten[ing Fosnight] to discourage [him] from continuing" the Paraklese business, [Filing No. 1 at 9]; refusing to provide Mr. Fosnight with the Determination Letter, [Filing No. 1 at 9]; "appear[ing] at the third party machine shop" used by Mr. Fosnight and Paraklese, [Filing No. 1 at 10]; and "act[ing] deceptively and unlawfully in conducting 'the Raid,'" [Filing No. 1 at 12]. But none of the above conduct amounts to a constitutional violation.

First, an interrogation prior to the *Miranda* warning is not a constitutional violation: the *Miranda* safeguards are "not themselves rights protected by the Constitution." *Chavez v. Martinez,* 538 U.S. 760, 772 (2003) (citing *Michigan v. Tucker*, 417 U.S. 433, 444 (1974)). The remedy for failing to administer *Miranda* warnings is the suppression of unwarned statements, not the recovery of civil damages. *See Olaniyi v. Dist. of Columbia*, 416 F. Supp. 2d 43, 62 (D.D.C. 2006) (holding that a *Bivens* remedy was unavailable for a *Miranda* violation because it was not an intrinsic constitutional violation). Thus, Agents Jones' and Leveritt's failure to *Mirandize* Mr. Fosnight was not a constitutional violation.

Second, threats that Mr. Fosnight "would lose his Federal Firearms License" and that if Mr. Fosnight continued to sell solvent traps that the agents would "be back," [Filing No. 1 at 9], are also not constitutional violations because verbal threats do not amount to a constitutional violation. *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (derogatory remarks do not constitute a constitutional violation); *see also Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989) (policeman's threat that he was "going to get you" was not a constitutional violation).

Third, that Agent Jones "appeared at the third-party machine shop utilized" by Mr. Fosnight and Paraklese and "'scared' the owner of the shop so bad that the machinist shop has refused to continued [sic] to do business" with Mr. Fosnight and Paraklese, [Filing No. 1 at 10], is not a constitutional violation, nor is the fact that rumors about the search have circulated and

harmed Paraklese's business.  The only alleged conduct of Agent Jones is that he appeared at a shop.  There are no allegations that while at the shop, Agent Jones made any false or defamatory statements to the shop owner, or that Agent Jones said anything at all to the shop owner.  Simply, the allegations do not show what constitutional rights were violated by Agent Jones' "appearing" at the shop, nor do they show how Agent Jones was responsible for any violations.

Last, Agents Jones' and Leveritt's refusal to provide a copy of the Determination Letter is not a constitutional violation.  Plaintiffs maintain that the Determination Letter does not exist at all.  [Filing No. 1 at 12.]  The Court is unsure how Agents Jones' and Leveritt's refusal to produce a non-existent document constitutes a constitutional violation.  Moreover, the existence of the Determination Letter was not a prerequisite for the search.  Similarly, aside from being entirely conclusory, Plaintiffs' allegation that Agents Jones and Leveritt "acted deceptively and unlawfully in conducting the raid" is not a constitutional violation.  *Taylor v. Williams*, 2009 WL 77215, at *2 (W.D. N.C. Jan. 8, 2009) (allegation that defendants were lying to plaintiff did not state a constitutional violation); *Key v. Tennessee*, 2009 WL 3008081, at *6 (M.D. Tenn. Sept. 21, 2009) ("[L]ying does not constitute a constitutional violation.").  The Court acknowledges that if the Agents had acted deceptively in obtaining the search warrant, that could amount to a constitutional violation.  But here, the Complaint does not detail how the Agents acted deceptively or unlawfully, nor does it offer any facts to support the conclusory allegation.  Additionally, the Complaint alleges only that the Agents acted deceptively in *conducting* the raid, and read in context, could not reasonably be interpreted to allege that the Agents acted unlawfully in obtaining the warrant.

In sum, the only Defendants for which Plaintiffs set forth specific allegations, as required by *Bivens*, are Agents Jones and Leveritt.  Plaintiffs have not adequately alleged that Agents Jones

and Leveritt engaged in any constitutional violations. Accordingly, the Motion to Dismiss as it relates to Agents Jones and Leveritt is **GRANTED**.

### 3. *Search Warrant*

Finally, even if Plaintiffs' Complaint contained allegations that could, in some circumstances, state a claim, the presence of the search warrant shields the Defendants in this case. As mentioned above, in ruling on a Rule 12(b)(6) motion, the Court may consider the complaint and information that is subject to proper judicial notice, including items in the public record. *Geinosky*, 675 F.3d at 745 n.1; *Papasan*, 478 U.S. at 268 n.1. Accordingly, the Court may properly consider the existence of the search warrant in this case. *See In re Search of Ronald Fosnight*, Case No. 4:17-mj-065-VTW, at dkt. No. 1. "Searches undertaken pursuant to valid search warrants are presumptively valid." *Archer v. Chisholm*, 870 F.3d 603, 613 (7th Cir. 2017). The existence of the search warrant in this case bears on both Defendants' qualified immunity argument and Defendants' argument that the Complaint does not contain sufficient factual allegations.

### a. Qualified Immunity

Generally, affirmative defenses (like qualified immunity) "are often ill-suited for resolution at the motion to dismiss stage." *Ramsey v. Glaser*, 2018 WL 4846299, at *3 (S.D. Ind. Oct. 5, 2018) (citing *John K. Maciver Inst. for Pub. Policy v. Schmitz*, 885 F.3d 1004, 1014 (7th Cir. 2018)). But "a plaintiff may plead itself out of court by admitting all the ingredients of an impenetrable defense in a complaint." *Schmitz*, 885 F.3d at 1014 (internal brackets and quotation marks omitted). And though tempered by the notice pleading requirements of Rule 8, qualified immunity must be resolved at the earliest possible stage. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1090 (7th Cir. 2008).

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Muhammed v. Pearson*, 900 F.3d 898, 903 (7th Cir. 2018). The Fourth Amendment does not protect "against *all* searches and seizures, but only against *unreasonable* searches and seizures." *U.S. v. Sharpe*, 470 U.S. 675, 682 (1985) (emphasis in original). A search pursuant to a valid warrant is presumptively reasonable. *Archer*, 870 F.3d at 613; *Riley v. California*, 573 U.S. 373, 382 (2014) ("[R]easonableness generally requires the obtaining of a judicial warrant."). The Complaint acknowledges that the ATF Agents claimed to have a warrant, but it is otherwise silent on the issue. [Filing No. 1 at 8.] It fails to allege any facts that could show that despite the warrant, the search was unconstitutional *and* that the officials executing the search knew or reasonably should have known that their conduct was unconstitutional. *See Muhammed*, 900 F.3d at 903. Even recognizing that qualified immunity is often ill-suited for resolution at this stage, the Court sees no reason to delay resolving the qualified immunity issue. It is clear that Defendants are entitled to qualified immunity and dismissal of the Complaint on that basis.

b. Reasonableness of the Search

Even if the Court were disinclined to base its decision on an affirmative defense at the motion to dismiss stage, the search warrant still supports dismissal. Given the warrant's existence, to survive the motion to dismiss, the Complaint must contain allegations that could allow the Court to reasonably infer that the warrant itself was invalid, or that the search exceeded the scope of the warrant in some respect. But the Complaint lacks any such allegations, and Plaintiffs' only argument in their Response is that the Court cannot consider the warrant. [Filing No. 13 at 8.] The presumption that the search of Paraklese's building was valid and constitutional is left entirely

unrebutted.  Therefore, the Complaint, taken as true, cannot support a reasonable inference that Plaintiffs' constitutional rights were violated by the search.

Whether because it fails to state a constitutional violation or because such failure warrants a grant of qualified immunity, Plaintiffs' Complaint must be dismissed.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiffs' Complaint [11], and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.  Final Judgment shall issue accordingly.

Date: 12/4/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**